**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        )
BARBARA WHITT,                          )
                                        )
                    Plaintiff,          )        **Civil Action No.**
                                        )
        vs.                             )        **COMPLAINT**
                                        )
RECEIVABLES PERFORMANCE                 )        **Jury Trial Demanded**
MANAGEMENT, LLC,                        )
                                        )
                    Defendant.          )
_____)

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 _et seq._

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Barbara Whitt ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Jersey, County of Ocean, and Township of Brick.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Receivables Performance Management, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated August 7, 2011, demanding $340.32 for an alleged debt to Sprint.

12.     Plaintiff emailed Defendant, via its website's contact form, on August 10, 2011 at 7:28 P.M. a request to cease and desist all telephonic communications with Plaintiff.

13.     Despite receipt of Plaintiff's demand to cease and desist all telephonic communication, Defendant called Plaintiff's residential telephone on August 11, 2011 at 9:22 A.M., and at such time, disconnected the call when Plaintiff answered.

14.     In its communication of August 11, 2011, Defendant failed to disclose Defendant's true corporate and/or business name in a telephone call to Plaintiff.

15.     In its communication of August 11, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16.     Despite receipt of Plaintiff's demand to cease and desist all telephonic communication, Defendant called Plaintiff's residential telephone on August 12, 2011 at 1:24 P.M, and at such time, disconnected the call when Plaintiff answered.

17.    In its communication of August 12, 2011, Defendant failed to disclose Defendant's true corporate and/or business name in a telephone call to Plaintiff.

18.    In its communication of August 12, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

19.    Despite receipt of Plaintiff's demand to cease and desist all telephonic communication, Defendant called Plaintiff's residential telephone on August 15, 2011 at 1:21 P.M and spoke with Plaintiff in an attempt to collect a debt.

20.    Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

21.    Plaintiff repeats and re-alleges each and every allegation contained above.

22.    Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received written notice from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

23.    Plaintiff repeats and re-alleges each and every allegation contained above.

24.    Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose Defendant's identity in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

25.     Plaintiff repeats and re-alleges each and every allegation contained above.

26.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: November 16, 2011                 Respectfully submitted,


                                         /s/ Dennis R. Kurz
                                         Dennis R. Kurz
                                         NJ Bar No. 02645.2001
                                         ***Weisberg & Meyers, LLC***
                                         Attorneys for Plaintiff
                                         5025 N. Central Ave., #602
                                         Phoenix, AZ 85012
                                         (888) 595-9111 ext. 412
                                         (866) 842-3303 (fax)
                                         dkurz@attorneysforconsumers.com