NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BARBARA WHITT, | : | Civil Action No. 11-06750 (JAP) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | : | |
| Defendant. | : | |

PISANO, District Judge.

  This matter is presently before the Court on Plaintiff Barbara Whitt's motion for an award of attorneys' fees and upon the Report and Recommendation of United States Magistrate Judge Douglas E. Arpert, which recommended that Plaintiff's motion be granted in part. Having received objections to the Report and Recommendation by Plaintiff and Defendant, the Court has conducted a *de novo* review of the issues raised.[1] *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). The Court resolves the motion without oral argument as permitted by Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court shall adopt the Report and Recommendation and grant Plaintiff's motion for an award of attorneys' fees in the amount of $2,835.07.

---

[1] Review of a magistrate judge's report and recommendation is governed by Local Civil Rule 72.1. The Rule provides that the Court "shall make a de novo determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).

**I.     Background**

The claims in this matter arise under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  In a Complaint filed on November 16, 2011, Plaintiff alleged that Defendant Receivables Performance Management, LLC violated the FDCPA by failing to identify itself as a debt collection agency during a telephone call and by continuing to contact Plaintiff after Defendant had received a cease and desist e-mail from Plaintiff.  Defendant filed an Answer on February 4, 2012 and on February 28, 2012, Plaintiff accepted the Defendant's Offer of Judgment in the amount of $1,001.00 plus reasonable attorneys' fees and costs.  Thereafter, on February 29, 2012, this case was closed.

After accepting Defendant's Offer of Judgment, Plaintiff sent Defendant a demand of $4,500 for attorneys' fees and costs.  The parties engaged in a period of negotiations regarding Plaintiff's demand but were unable to reach an agreement.  Accordingly, on March 30, 2012, Plaintiff filed an application seeking an award of $425.00 for costs and this motion seeking $3,750.00 in attorneys' fees.[2]  Defendant opposed Plaintiff's motion, arguing that that the fees requested were unreasonable and excessive.  By Order dated May 17, 2012, the Clerk of the Court granted Plaintiff's application for costs in the amount of $350.00.

The motion for attorneys' fees was referred to Magistrate Judge Arpert, who issued a Report and Recommendation (the "Report") recommending that the Plaintiff's motion for an award of attorneys' fees be granted in the amount of $2,835.07.  Magistrate Judge Arpert found that there "[wa]s no dispute that as the prevailing party, Plaintiff [wa]s entitled to a 'reasonable attorneys' fee as determined by the court.'"  Report at 21.

---

[2] When calculated, the time billed by Plaintiff's counsel, multiplied by the hourly rates charged, totaled $5,021.50.  However, Plaintiff's counsel only requested attorneys' fees of $3,750.00 based upon its "billing discretion."  *See* Pl.'s Br. [docket entry no. 7-2] at 21-22.

In evaluating what constituted reasonable attorneys' fees, Magistrate Judge Arpert determined that, although the hourly rates billed by Plaintiff's counsel were reasonable, "the number of hours charged by Plaintiff's counsel [we]re excessive." *Id.* In particular, he found that some of the time billed by Plaintiff's counsel was for clerical work that was not properly billed to an adversary and/or for work that was repetitive or redundant. *See* Report at 22-23. Magistrate Judge Arpert further concluded that the work performed by Plaintiff's out-of-state counsel, Alex Weisberg, constituted the practice of law in New Jersey. Thus, Magistrate Judge Arpert found that it was necessary to subtract the time billed for clerical and redundant tasks, as well as to reduce Mr. Weisberg's fees by 15% and subtract $150.00, which is the fee Mr. Weisberg would have paid to be admitted *pro hac vice*.

Consequently, Magistrate Judge Arpert recommended that the Court grant Plaintiff's motion in part and award Plaintiff attorneys' fees in the amount of $2,835.07. Plaintiff filed an objection to the Report on August 1, 2012 and Defendant responded to her objection on August 2, 2012. Having reviewed the issues raised in the objections *de novo*, the Court agrees with the conclusions reached by Judge Arpert.

## II.     Legal Discussion

Plaintiff seeks $3,750 in attorneys' fees and objects to Magistrate Judge Arpert's findings and recommendation that Plaintiff's fee request was unreasonable and should be reduced to $2,835.07. Defendant objects to the Magistrate Judge's findings and recommendation that Plaintiff should be granted attorneys' fees of $2,835.07, arguing that any fee award should be further reduced as Plaintiff was only minimally successful in this action. The Court will address each objection in turn.

A.  Plaintiff's Objections

Plaintiff objects to that part of the Report in which Magistrate Judge Arpert found that portions of the time billed by her attorneys were repetitive or redundant.  Specifically, Plaintiff urges this Court to further examine her contention that the attorneys' fees she is seeking are reasonable and that the time billed by her attorneys was not repetitive or redundant.  Plaintiff argues that: 1) the time incurred by attorney Robert Lamb in drafting the fee petition was reasonable in light of the length and complexity of the petition; 2) the time spent by attorneys Armando Nava and Andrea Crawford was not duplicative; 3) the time spent by attorney Joe Panvini was necessary and reasonable; and 4) managing partner Marshall Meyers' time billed was reasonable and not duplicative.  The Court does not find Plaintiff's arguments persuasive.

The FDCPA provides that "in the case of any successful action," a prevailing party may recover, "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (holding that § 1692k(a)(3) of the FDCPA allows a prevailing plaintiff to recover reasonable attorneys' fees and costs).  Here, there is no dispute that Plaintiff is a "prevailing" party under the FDCPA and therefore is entitled to an award of attorney' fees.  However, the amount of any fee award must be guided by a reasonableness standard that takes into account the "facts and circumstances of the underlying litigation."  *Charlene V. v First Amer. Acceptance Co., LLC et al.*, 2012 U.S. Dist. LEXIS 117056, at *8 (D.N.J. 2012) (quoting *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995)); *see also* 15 U.S.C. § 1692k(a)(3).

The lodestar method of calculation, which requires the multiplication of hours expended by a reasonable hourly rate, is generally used to determine what a reasonable attorneys' fee

award is.³  *See id.*; *see also Graziano*, 950 F.2d at 114 (holding that a fee award under the FDCPA is calculated in accordance with Supreme Court precedent that relied on the lodestar formula) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)).  In determining the proper number of hours charged, the court should exclude any hours that are "excessive, redundant, or otherwise unnecessary."  *Pub. Interest Research Grp. of NJ, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) *see also Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) (holding that the "prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case").  Further, hours that would not be "generally billed to one's own client are not properly billed to an adversary."  *Windall*, 51 F.3d at 1188.  Once the lodestar calculation has been completed, the court has the discretion to adjust that amount based on the relative success of the party seeking fees.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (although the lodestar amount is presumed to be reasonable, a court may downwardly adjust it based on the relative success of the plaintiff's claims).

Plaintiff objects to Magistrate Judge Arpert's findings that portions of the time her attorneys billed were excessive or redundant and repetitive.  But this Court's *de novo* review of the Report compels the conclusion that Magistrate Judge Arpert's findings were correct.  First, with respect to Attorney Lamb's time, the Court agrees with the Magistrate Judge that the 13 hours of time spent on the fee petition was unreasonable.  *See, e.g., Freid v. Nat'l Action Fin. Servs.*, 2011 U.S. Dist. LEXIS 149668 at *28 (D.N.J. 2011) (finding that 8.7 hours of time billed for preparation of a fee petition in an FDCPA case was excessive and should be reduced to 5 hours); *Levy v. Global Credit and Collection Corp.*, 2011 U.S. Dist. LEXIS 124226, at *22-24 (D.N.J. 2011) (holding that 3.3 hours spent preparing motion for attorneys' fees in FDCPA

---

³ Since neither party objected to the Magistrate Judge's findings regarding the appropriate hourly rate for Plaintiff's attorneys, the Court will not address that issue here.

litigation was "excessive"). Here, Plaintiff's attorneys have substantial experience handling FDCPA cases and the motion for fees is relatively straightforward and decided without oral argument. *See Freid*, 2011 U.S. Dist. LEXIS 149668 at *28. Therefore, the Court finds that the time billed by Mr. Lamb was not reasonably expended and should be reduced.

Second, with respect to Attorneys Nava and Crawford's time, the Court finds Plaintiff's objections to be meritless. Plaintiff argues that Mr. Nava and Ms. Crawford's time was not duplicative because they were reviewing different recordings. A review of the billing records submitted by Plaintiff, however, makes clear that that is not the case. Both attorneys billed time for listening to what was termed "Recording 1," referring to an August 12, 2011 phone call to the Plaintiff. *See* Pl's Br. [docket entry 7-9]. In fact, Ms. Crawford has two separate time entries on the same day in which she appears to have reviewed the same recording twice. *Id.* Accordingly, the Court finds that the time billed was duplicative and should be excluded.[4]

Finally, with respect to the time billed by Attorney Panvini and Managing Partner Meyers, the Court finds no merit to Plaintiff's objections. Plaintiff argues that Mr. Panvini and Mr. Meyers performed necessary tasks that were not duplicative of work performed by other attorneys. The Court has reviewed the record, however, and finds that it was unreasonable to have seven (7) attorneys, including two senior partners, billing time in this case, which the Magistrate Judge accurately described as a "routine FDCPA litigation" that never progressed beyond the initial stages. *See Windall*, 51 F.3d at 1188 (the court may exclude hours that not "reasonably expended" due to excessiveness, redundancy or lack of necessity). Although Mr. Panvini's and Mr. Meyers' time could be subtracted on that basis alone, the Court nonetheless finds there are additional reasons to exclude this time from Plaintiff's fee award.

---

[4] The Magistrate Judge did not deduct for all of Ms. Crawford's time billed, but rather deducted for those portions of her time that were duplicative of the work performed by Mr. Nava.

In particular, the Court concludes that the time Mr. Panvini billed for reviewing the fee petition should be subtracted because, as discussed above, the amount of time spent preparing the fee petition was excessive.  *See Freid*, 2011 U.S. Dist. LEXIS 149668 at *28.  Likewise, the time Mr. Panvini spent reviewing the Complaint should be excluded as unnecessary because the Complaint in this case is nearly identical to those filed by Plaintiff's attorneys in other lawsuits.  *See* Def.'s Opp. [docket entry 10-3, 10-4] (attaching similar complaints from other litigations in this district); *Levy*, 2011 U.S. Dist. LEXIS 124226, at *23-24 (subtracting time billed for preparation of fee petition where the memorandum of law and exhibits filed in support of the petition were identical to those filed in other actions).  While the Court does not fault Plaintiff's attorneys for reusing its work product, such a practice must be reflected in any fee award.  *Id.*

Further, portions of the time billed by Mr. Meyers should be excluded as clerical tasks that are not properly imposed on an adversary.  *See Windall*, 51 F.3d at 1188.  For example, Mr. Meyers – a senior partner at the firm – billed time for performing tasks such as opening a file, entering client information into a database and preparing an amicus precedent to track litigation progress and status.  These tasks are clerical in nature and may not be included in Plaintiff's fee award.  *See Freid*, 2011 U.S. Dist. LEXIS 149668 at *28 (holding that time entries for opening case file and amicus precedent should be excluded from the lodestar calculation because such tasks were clerical); *Weed-Schertzer v. Nudelman*, 2011 U.S. Dist. LEXIS 108928, at *22 (D.N.J. 2011) (subtracting time entries for opening case file and preparing calendar updates from fee award in FDCPA litigation).  Thus, it was not only correct but necessary for Magistrate Judge Arpert to recommend that Plaintiff's request for attorneys' fees be reduced.

B. <u>Defendant's Objections</u>

Defendant objects to that part of the Report in which Magistrate Judge Arpert declined to reduce Plaintiff's award of attorneys' fees based on the fact that Plaintiff was only marginally successful in this litigation. Specifically, Defendant asserts that Plaintiff was not fully successful in this litigation because she did not recover actual damages, but instead only recovered the statutory permitted damages. Defendant urges the Court to further examine its contention that Plaintiff's award of attorneys' fees should be reduced in light of Plaintiff's "minimal success" in the litigation. Although the Court finds merit to Defendant's argument, it declines to further reduce Plaintiff's award of attorneys' fees.

In evaluating the reasonable of a request for attorneys' fees, courts consider the degree of plaintiff's success in the litigation. *See Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (noting that "'the most critical factor' in determining the reasonableness of a fee award is the degree of success obtained") (quoting *Hensley*, 461 U.S. at 436). The Court has broad discretion to adjust the lodestar amount downwardly based on the relative success of the party seeking fees. *See Rode*, 892 F.2d at 1183; *Norton v. Wilshire Credit Corp.*, 36 F. Supp.2d 216, 221 (D.N.J. 1999) ("A downward adjustment from the lodestar may be warranted where the party seeking fees enjoyed limited success in the underlying litigation."). An award of attorneys' fees pursuant to the FDCPA may be reduced where, as here, Plaintiff initially sought recovery of actual damages, but ultimately settled for statutory damages. *See Cohen v. Amer. Credit Bureau, Inc.*, 2012 U.S. Dist. LEXIS 33687, at *38-39 (D.N.J. 2012), *adopted* 2012 U.S. Dist. LEXIS 73846 (D.N.J. 2012) (holding that request for fee award should be reduced where plaintiff settled for her statutory damages under the FDCPA because plaintiff "clearly was not 'successful' in litigating the actual damages claim pleaded in the Complaint").

In this case, Plaintiff filed a Complaint seeking statutory and actual damages, as well as her attorneys' fees.  *See* Compl. at 5-6 [docket entry no. 1].  However, she ultimately abandoned her efforts to seek actual damages and accepted Defendant's Offer of Judgment in the amount of $1,001 (the maximum statutory amount available) plus reasonable attorneys' fees and costs [docket entry nos. 5-6].  Plaintiff was thus unsuccessful in litigating the actual damages claim pleaded in the Complaint, and her marginal success forms an independent basis for the reduction of an award of attorneys' fees.  *See Cohen*, 2012 U.S. Dist. LEXIS 33687, at *38-39.  However, in light of the reductions already discussed above, the Court declines to further reduce the amount of attorney's fees awarded.

## III.   Conclusion

For the reasons above, the Court shall adopt those parts of the Report and Recommendation not inconsistent with this Opinion, and grants Plaintiff's motion for an award of attorneys' fees [docket entry no. 7] in the amount of $2,835.07.  An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 2, 2012